# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO ALARCON NAVA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNNAMED,<br><br>　　　　Respondent. | Case No.  1:21-cv-00594-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[FOURTEEN-DAY OBJECTION PERIOD] |

  Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 8, 2021, Petitioner filed the instant federal petition challenging a 2012 conviction in Kern County Superior Court.  It has come to the Court's attention that Petitioner filed a prior petition challenging the same conviction in Nava v. Becerra, Case No. 1:20-cv-01378-HBK (HC).  That action is still ongoing.

  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*)).  A plaintiff is required to bring at one

1

time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (*per curiam*)).

Normally, "where a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008). In this case, however, it appears that Petitioner sent the new petition to the wrong court. Although Petitioner is challenging his 2012 conviction, he captioned the petition for the California Supreme Court and referenced the case number of the habeas petition filed in the Kern County Superior Court. Given that it appears Petitioner intended the petition to be filed as an appeal in the California Supreme Court, the Court finds that construing the new petition as a motion to amend in the prior federal action would be inappropriate. The instant petition should be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **April 12, 2021**                             /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE